UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LENAR WHITE,

       Plaintiff,

                                 File No. 1:07-CV-400

v.

                                 HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF
CORRECTIONS,

       Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 8, 2007, United States Magistrate Judge Joseph G. Scoville  issued a report and recommendation ("R&R") recommending that Plaintiff Lenar White's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c) on grounds of immunity.  Plaintiff filed objections to the report and recommendation on July 18, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the magistrate's disposition to which specific written objection has been made.

The R&R recommends dismissal of Plaintiff's complaint because the Michigan Department of Corrections, the only defendant named in this action, is immune under the Eleventh Amendment from suit in the federal courts.  Plaintiff objects to dismissal of his

complaint because he contends that his suit against the Department of Corrections is not barred by the Eleventh Amendment.  Plaintiff's assertion lacks merit for the all reasons outlined in the R&R.

In the alternative, Plaintiff contends that he should be given the opportunity to amend his complaint to identify the right defendants.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A request for leave to amend under Rule 15(a) is also governed by Federal Rule of Civil Procedure 7(b), which requires that a motion "state with particularity the grounds therefor . . . ." *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (denying leave to amend where the plaintiff failed to state with particularity the grounds for amending). Plaintiff has not specified who he would name as a defendant in an amended complaint, nor has he provided a proposed amended complaint to support his request.   Plaintiff's unsupported request to amend fails to meet the particularity requirements of Rule 7 and prevents this Court from making the Rule 15 determination as to whether justice requires leave to amend.  *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (listing factors pertinent to a Rule 15(a) determination).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Docket # 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket # 9) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** on grounds of immunity pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Date:    October 22, 2007            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE

3